1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
9                                       AT TACOMA
10

11     KEITH R. GOMEZ,                        CASE NO. 11-5258 RJB/KLS

                     Petitioner,              ORDER ON REPORT AND
12                                            RECOMMENDATION

13           v.

14     STEPHEN D. SINCLAIR,

15                     Respondent.

16           This matter comes before the Court on the Report and Recommendation of U.S.

17     Magistrate Judge Karen L. Strombom.  Dkt. 27.  The Court has considered the Report and

18     Recommendation, objections, and the remaining record.

19           On April 4, 2011, Petitioner filed this case pursuant to 28 U.S.C. § 2254, challenging his

20     2004 jury conviction of first degree murder, first degree assault, and first degree unlawful

21     possession of a firearm stemming from an alleged gang fight outside a bar.  Dkt. 1.  Petitioner

22     raises seven grounds for relief:

23

24

ORDER ON REPORT AND
RECOMMENDATION- 1

1     1) The state's photo montage was a suggestive identification procedure.

2     2) Ineffective assistance of counsel at trial for failing to object to the prosecutor

3     informing the jury that he was not "facing the death penalty," and for stipulating to

4     allowing the jury to hear of Petitioner's prior assault conviction.

5     3) The trial court's evidentiary rulings denied him a fair trial.

6     4) The State did not present sufficient evidence of the first degree murder and first

7     degree assault charges.

8     5) The prosecutor committed misconduct by vouching for the credibility of the state's

9     witnesses and stating that the defense witness was not credible.

10    6)  The prosecutor committed misconduct by knowingly presenting perjured testimony

11    of an alleged eyewitness.

12    7) The State violated Petitioner's right to appeal by withholding evidence that was

13    necessary for the appellate court to rule on his personal restraint petition.

14 Dkt. 7.  On October 24, 2011, the Report and Recommendation issued, recommending that the

15 Petitioner's motion to amend be denied and the Petition be dismissed.  Dkt. 27.  The facts and

16 procedural history are recounted at length in the Report and Recommendation (Dkt. 27, at 1-11)

17 and are adopted here.

18     Petitioner filed objections to the Report and Recommendation regarding his motion to

19 amend, his motion for an evidentiary hearing, and the dismissal of each of his claims.  Dkt. 28.

20 Petitioner's objections regarding the motion for evidentiary hearing will be addressed first, and

21 then his objections will be addressed in the order presented.  His motion to amend will be

22 addressed in the discussion of his fourth claim for relief, because his motion to amend relates to

23

24

1  whether he has exhausted a portion of that claim.  For the reasons set below, the Report and

2  Recommendation should be adopted, the pending motions denied and the Petition dismissed.

3  **A.  RECOMMENDATION OF NO EVIDENTIARY HEARING**

4       On the outset, Petitioner objects to the recommendation that his motion for an evidentiary

5  hearing (Dkt. 22) be denied.  Dkt. 28, at 1-3.  Pursuant to 28 U.S.C. § 2254 (e)(2), in order to be

6  entitled to an evidentiary hearing on a particular claim, a petitioner must show that:

7       (A) the claim relies on--
            (i) a new rule of constitutional law, made retroactive to cases on
8            collateral review by the Supreme Court, that was previously
             unavailable; or
9            (ii) a factual predicate that could not have been previously discovered
             through the exercise of due diligence; and
10      (B) the facts underlying the claim would be sufficient to establish by clear and
        convincing evidence that but for constitutional error, no reasonable factfinder
11      would have found the applicant guilty of the underlying offense.

12       As to his second claim, his motion for an evidentiary hearing should be denied.

13  Petitioner argues that an evidentiary hearing on the voir dire proceedings from his trial will

14  provide evidence to support his second claim - for ineffective assistance of counsel  - because he

15  asserts that during voir dire, trial counsel failed to object to a comment by the prosecutor that this

16  was a non-capital case.  The evidentiary hearing is unnecessary because petitioner makes no

17  showing that even if the comment was made, (which he asserts the evidentiary hearing would be

18  necessary to show), prejudice resulted.

19       As to his third claim, he argues that a hearing should be held regarding the events

20  occurring during voir dire because the trial judge improperly read the information to the jury

21  which included reference to a prior assault conviction.  The hearing is not necessary because the

22  analysis below of the third claim presumes that the judge read the entire information.

23

24

1    His motion for an evidentiary hearing regarding his sixth claim for relief, that the state

2    knowingly supported perjured testimony, should be denied.  Petitioner argues that a video tape

3    from inside the bar that would show that one of the state's witnesses could not have seen events

4    outside the bar.  Petitioner argues if the Court could see the tape, he could show that the state

5    knowingly supported perjured testimony.  Even if Petitioner's allegations are true, Petitioner has

6    not shown that "but for the constitutional error no reasonable factfinder would have found the

7    applicant guilty of the underlying offense."  28 U.S.C. § 2254 (e)(2)(B).  As stated in the analysis

8    of the sixth ground for relief, multiple witnesses testified regarding whether Petitioner was the

9    shooter that night.  Petitioner had every opportunity at trial to question this particular witness

10   about his ability to see events outside the bar.  Petitioner did not make a showing that he is

11   entitled to an evidentiary hearing on this issue.  Petitioner, in his objections, makes a reference to

12   trying to get this video evidence "through his direct appellent [sic] attorney Patricia Pethick,"

13   and "by filing a motion for discovery in the Thurston County Superior Court" but was not given

14   the evidence.  Dkt. 28.  Petitioner fails to provide any evidence to support these claims.  Further,

15   he does not argue that he did not have access to the tape during the trial, and in his Reply, he

16   acknowledges having personally viewed, at a minimum, "stills" of the tape.  Dkt. 20, at 46.

17   Accordingly, Petitioner has not shown that the claim is based on "a factual predicate that could

18   not have been previously discovered through the exercise of due diligence."  28 U.S.C. § 2254

19   (e)(2).  Moreover, this claim has been adjudicated on the merits by the Washington state courts,

20   so Petitioner must show that he is entitled to relief "on the record that was before that state court."

21   *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 (2011).  His motion for an evidentiary hearing on the

22   sixth claim for relief, should be denied.

23       Petitioner fails to explain why a hearing is necessary to support his seventh ground for

24   relief.  Petitioner asserts that the state withheld evidence from him when he filed his personal

1    restraint petition.  The evidence he asserts was withheld was the transcript of voir dire, which he

2    acknowledges was his responsibility to order in support of his personal restraint petition.  Dkt.

3    28.  Petitioner makes no showing that he is entitled to an evidentiary hearing regarding this

4    claim.

5            Petitioner's motion for an evidentiary hearing regarding all of his claims should be

6    denied.  He has failed to show that any of his claims rely on a new constitutional law or are

7    based on "a factual predicate that could not have been previously discovered through the exercise

8    of due diligence."  28 U.S.C. § 2254 (e)(2).  Further, he has not shown that the facts underlying

9    any of his claims "would be sufficient to establish by clear and convincing evidence that but for

10   constitutional error, no reasonable factfinder would have found the applicant guilty of the

11   underlying offense."  *Id.*

12           **B.  RECOMMENDATION TO DENY GROUND ONE**

13           The Report and Recommendation recommends denial of this claim after reviewing the

14   evidence regarding the four witnesses that viewed the photo montage and their identification of

15   Petitioner.  Dkt. 27.  In doing so, it recommended finding that the state courts' decision, that

16   Petitioner was not subjected to so overly suggestive identification procedure such that it violated

17   due process, was not contrary to or involved an unreasonable application of clearly established

18   federal law.  *Id.*

19           Petitioner objects to the dismissal of his first claim regarding the photo montage and

20   witnesses identification of him as the shooter, arguing that the Report and Recommendation

21   "omitted" discussing two key state witnesses Matt O'Hare and Joseph Lorocque.  Dkt. 28.  These

22   objections fail to justify rejecting the Report and Recommendation.  Petitioner raises arguments

23   aimed at the witnesses' credibility.  He does not dispute that these attacks on the witnesses'

24

1  credibility were presented during trial.  Further, Petitioner does not explain why allowing these

2  witnesses' testimony violated his constitutional rights.  Petitioner does not contend that these

3  witnesses viewed the photo montage.  Rather, he contends that these witnesses discussed or came

4  to the conclusion that he was the shooter, prior to any of the other witnesses viewing the

5  montage.  He does not dispute that this issue was also raised before the jury.  Petitioner's

6  objections regarding claim one does not provide a basis to reject the Report and

7  Recommendation.

8      **C.  RECOMMENDATION TO DENY GROUND TWO**

9          The Report and Recommendation recommends denial of Petitioner's second ground for

10  relief, ineffective assistance of counsel.  Dkt. 27.  Petitioner asserts two basis for claiming trial

11  counsel was ineffective:  1) for failing to object to the prosecutor's informing the jury that he

12  was not "facing the death penalty," and 2) for stipulating to allowing the jury to hear of his prior

13  assault conviction.  Dkt. 7.  The Report and Recommendation provides the legal standard for

14  judging whether a counsel's performance was so deficient as to violate a defendant's

15  constitutional rights, and should be adopted here.  Dkt. 27, at 25-27 (*citing Strickland v.*

16  *Washington*, 466 U.S. 668 (1984)(counsel's performance constitutionally deficient where it fell

17  below an "objective standard of reasonableness" and prejudiced the defense so as to deprive the

18  defendant of his constitutional right to a fair trial)).

19          *1.  Not a Death Penalty Case Comment*

20          Turning to the first basis offered by Petitioner, the Report and Recommendation

21  acknowledges that under Washington state law, informing a jury that a case is noncapital is error

22  and a defense attorney's failure to object to such a comment "renders his performance

23  presumptively deficient."  Dkt. 27, at 27 (*citing State v. Hicks*, 163 Wash.2d 477, 488 (2008)).

24

1   There is some dispute as to whether the comment was actually made – Petitioner asserts it was

2   made during voir dire, and the voir dire proceedings were never transcribed.  Respondent argues,

3   then, that there is no evidentiary support for the claim, and points out that Petitioner was given

4   several opportunities, at state expense, to order the transcript, but failed to do so.  Dkt. 15.  In

5   any event, even presuming that the comment was made, and defense counsel did not object,

6   Petitioner still does not make a showing that the state courts erred as to the second *Strickland*

7   prong – that the failure to object prejudiced his defense so as to deprive him of a fair trial.  He

8   has not shown "that there is a reasonable probability that, but for counsel's unprofessional errors,

9   the result of the proceeding would have been different."  *Strickland,* at 694.  Petitioner's

10  objections refer the Court to his reply and offer no new argument in support of this portion of his

11  claim.  Dkt. 28, at 5.  The Report and Recommendation addresses these arguments and should be

12  adopted.

13             2.   *STIPULATING TO PRIOR ASSUALT CONVICTION*

14          The second factual predicate that Petitioner offers for his ineffective assistance of counsel

15  claim is that trial counsel should not have stipulated to allowing the jury to hear of his prior

16  assault conviction and should have objected to any mention of it by the prosecutor.  Dkt. 7.  The

17  Report and Recommendation recommends denial of this claim for relief, pointing out that

18  Petitioner failed to show the decision to stipulate to the prior assault conviction was anything

19  other than tactical  effort not to highlight the prior assault conviction in front of the jury.  Dkt.

20  27.  (Respondent notes that documentary evidence of the assault conviction would have been

21  admitted in support of the unlawful possession of a firearm charge.)  Dkt. 15.  Even if it is

22  accepted that stipulating to allowing in the prior assault conviction was so deficient it fell below

23  an "objective standard of reasonableness," rather than, as Petitioner urges, just stipulating to a

24

1   "prior serious offense" conviction, the Report and Recommendation properly points out that

2   Petitioner did not show that the decision to stipulate to the prior assault conviction was so

3   deficient that there was a reasonable probability that absent the stipulation, he would not have

4   been convicted.  Dkt. 27.  This is particularly true in the circumstances here, given the multiple

5   witnesses that identified Petitioner as the shooter in front of the bar that night.

6        Accordingly, the recommendation that the state courts' ruling (that trial counsel's

7   performance was not so deficient to as to deny Petitioner's right to a fair trial) was not contrary

8   to or involved an unreasonable application of clearly established federal law, should be adopted.

9   As stated in the Report and Recommendation, ground two should be denied.

10        **D.  RECOMMENDATION TO DENY GROUND THREE**

11     In his third ground for relief, Petitioner argues that four trial court evidentiary rulings resulted

12   in a fundamentally unfair trial in violation of his due process rights.  Dkt. 7.  The rulings he

13   challenges are:  1) the reading of the information which referenced his prior assault conviction,

14   2) admission of certain hearsay evidence, 3) admission of evidence of other participants'

15   convictions, and 4) admission of evidence regarding gang culture and Petitioner's gang

16   affiliation.  *Id*.

17     When reviewing a Section 2254 petition, this Court's role "is limited to determining whether

18   the admission of evidence rendered the trial so fundamentally unfair as to violate due process."

19   *Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998).  Federal habeas courts do not have the

20   power to reverse a conviction based on a belief that a state trial court incorrectly interpreted the

21   state's evidence code.  *Estelle v. McGuire,* 502 U.S. 62, 72 (1991).  "Thus, whether or not the

22   admission of evidence is contrary to a state rule of evidence, a trial court's ruling does not violate

23

24

1   due process unless the evidence is of such quality as necessarily prevents a fair trial." *Windham*,

2   at 1103 (*internal citations omitted*).

3         The Report and Recommendation recommends denial of this ground for relief, noting the

4   state courts did not err in holding that admission of this evidence did not necessarily prevent a

5   fair trial.   Dkt. 27.

6             1.   *Reading of the Information Which Referenced the Prior Assault Conviction*

7         Petitioner objects to the recommendation that his violation of due process claim, based on

8   the reading of the information to the jury, be denied.  Dkt. 28.  He argues the reference to the

9   prior assault conviction in the information was prejudicial and that prejudice was not cured by

10  the jury instructions.  *Id.*  The Report and Recommendation recommends denial of relief based

11  on this claim, stating that although an inference of prejudice arose (that he committed the current

12  crime based on his commission of the same crime before), the inference was overcome in the

13  circumstances. Dkt. 27.  Petitioner's objections are a repetition of his prior arguments and are

14  addressed in the Report and Recommendation.  They do not provide a basis to decline to adopt

15  the Report and Recommendation.

16            2.   *Hearsay*

17        Petitioner objects to denial of relief based on his hearsay claim.  Dkt. 28.  He argues, as

18  he did in his previous briefs, that the trial court admitted multiple levels of hearsay regarding an

19  alleged threat Petitioner made to some of the bouncers (to the effect that he was going to get a

20  gun), without finding that each level of hearsay was independently admissible and therefore

21  violated his due process rights.  *Id.*.  Petitioner asserts that the error had a substantial effect on

22  the jury's verdict because "the more people that testify that [he] made the alleged 'threat,' the

23  more weight the jury would give the allegations."  *Id.*  He argues that of the five that were

24

1  allowed to testify regarding the alleged threat, three of the witnesses' testimony was based on

2  hearsay. *Id.*

3       The Report and Recommendation carefully reviews the testimony involved and

4  recommends a finding that the state courts did not err in their adjudication of the claim.  Dkt. 27.

5  Petitioner has failed to show that admission of this evidence, even if improper under state law,

6  rises to the level of a constitutional violation, particularly in light of the other evidence in the

7  record.  The testimony to which he objects was cumulative of other testimony and its admission

8  did not necessarily prevent a fair trial.  The Washington state courts' ruling on this question was

9  not contrary to, or involved an unreasonable application of, clearly established federal law.  The

10  Report and Recommendation as to this issue should be adopted.

11                    *3.   Evidence of Other Participants' Convictions*

12       As stated in the Report and Recommendation, and elsewhere in the record, two others,

13  Corey Wilson and Darryl Warren, are or were serving a sentence for shooting another individual,

14  Jermaine Coll, in front of the bar that night as well.  Dkt. 27.  Petitioner also objects to denial of

15  claim for relief under the due process clause, arguing that admission of the evidence of the guilty

16  pleas of these other two defendants was so prejudicial as to prevent a fair trial for him.  Dkt. 28.

17       The Report and Recommendation properly points out that the state court's decision on

18  this issue was not in error.  The Washington Court of Appeals Division II, noted that admission

19  of the two others' judgments and sentences "had some probative value in explaining the story

20  with the second gun and demonstrating that [Petitioner] was not a suspect in Coll's shooting."

21  *State v. Gomez*, 133 Wash.App. 1042, 2006 WL 1829386 (Wash. App. Div. 2, 2006).  Petitioner

22  provides no reasoning, beyond bare assertion, that introduction of this evidence was prejudicial

23  to him.  This portion of his claim for relief should be denied.

24

ORDER ON REPORT AND
RECOMMENDATION- 10

1              *4.   Evidence of Gang Culture and Petitioner's Gang Affiliation*

2        Petitioner lastly argues that admission of evidence of gang culture and his own gang

3   affiliation was so prejudicial that it unfairly tainted the whole trial.  Dkt. 28.  The Report and

4   Recommendation should be adopted and this claim denied.

5        "The admission of other acts evidence, which a defendant contends is unduly prejudicial,

6   will violate due process only when there are no permissible inferences the jury may draw from

7   the evidence."  *Windham*, at 1103.  The state courts' decision, that the gang related evidence was

8   more probative (to explain Petitioner's motive and identity) than it was prejudicial, was not

9   unreasonable or contrary to clearly established federal law.  The testimony was sufficient to

10  create an inference regarding Petitioner's motive and "did not lead only to impermissible

11  inferences about the defendant's character."  *Id*., at 1103-1104 (holding admission of evidence of

12  gang culture and defendant's membership in a gang did not violate due process because the

13  evidence went to motive and defendant's identity) (*quoting McKinney v. Rees,* 993 F.2d 1378

14  (9th Cir. 1993)).  In accord with the 9th Circuit's holding in *Windham,* Petitioner's fourth basis

15  for relief under his due process claim should be denied.

16     **E.  RECOMMENDATION TO DENY GROUND FOUR AND TO DENY THE
           MOTION TO AMEND THE COMPLAINT**

17

18       As to Petitioner's fourth claim, that there was insufficient evidence to convict him of

19  either first degree murder or first degree assault, the Report and Recommendation's

20  recommendation that the claim be found technically exhausted and procedurally barred should be

21  adopted.  Petitioner raised a sufficiency of the evidence claim as to the murder charges before the

22  Washington Court of Appeals, but did not raise the issue before the Washington Supreme Court.

23  Petitioner did not raise his claim that there was insufficient evidence to convict him of first

24  degree assault before the state courts.  Petitioner does not dispute that he is now barred.  He

1    makes no showing that his motion to amend should be granted.  As stated in the Report and

2    Recommendation, his Petition is not a "mixed petition" - all of his claims are actually or

3    technically exhausted.  Dkt. 27.  He makes no showing that he had good cause for his procedural

4    default.

5           Even though Petitioner did not exhaust his insufficiency of the evidence claim and it is

6    procedurally barred, this Court can reach the merits of the claim.   28 U.S.C. § 2254(b)(2) ("An

7    application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure

8    of the applicant to exhaust the remedies available in the courts of the State.")  "Federal habeas

9    corpus relief is available to a petitioner who claims that the evidence was insufficient to support

10   his or her conviction only where, considering the trial record in the light most favorable to the

11   prosecution, no rational trier of fact could have found proof of guilt beyond a reasonable doubt."

12   *Windham v. Merkle*, 163 F.3d 1092, 1101 (9th Cir. 1998).

13     In its review of Petitioner's claim that there was insufficient evidence to convict him of first

14   degree murder, the Washington Court of Appeals found,

15       We hold that the evidence in this case was sufficient. The bouncers who expelled
         Gomez got a good view of his face. Several of them heard Gomez reference a gun
16       and then Ruffin watched Gomez go to the parking lot across the street. When
         Trujillo saw Gomez out front a few minutes later, he recognized him as the same
17       man he had just expelled. Several witnesses saw Gomez shoot Howell. The State
         had sufficient evidence for a rational juror to find guilt beyond a reasonable doubt.
18
     *State v. Gomez*, 133 Wash.App. 1042, 2006 WL 1829386 (Wash.App. Div. 2, 2006).
19
       Viewing the evidence in a light most favorable to the prosecution, the state court did not err in
20
     finding that there was sufficient evidence to support the jury's verdict that Petitioner was guilty
21
     of first degree murder of Howell.  Further, the Court of Appeals discussed the prosecution's
22
     evidence presented at trial regarding the first degree assault on Mitchell.  It noted, "[o]ne of the
23
     two bullets found at the club contained both Howell's and Mitchell's DNA.  Police believed this
24

1   bullet passed through Howell when he was near the ground, then passed through Mitchell's leg

2   as he ran away." *Id*. Petitioner's arguments are based on viewing the evidence from his

3   prospective.  He points to no new evidence of actual innocence.  If a rational trier of fact

4   believed the prosecution's evidence, they could reasonably conclude that Petitioner assaulted

5   Mitchell.  Petitioner's fourth ground for relief should be denied.

6   **F.  RECOMMENDATION TO DENY GROUND FIVE**

7           In his fifth ground for relief, Petitioner argues that the prosecutor violated his due process

8   rights by improperly vouching for the credibility of the state's witnesses and stating that the

9   defense witness was not credible.  The relevant question, for this Court then, "is whether the

10  prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a

11  denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181 (1986).  In determining

12  whether a prosecutor's comments rendered a trial constitutionally unfair, factors that may be

13  considered are whether the comments misstated the evidence, whether the judge admonished the

14  jury to disregard the comments, whether the comments were invited by defense counsel, whether

15  defense counsel had an opportunity to rebut them, the prominence of the comments in the

16  context of the entire trial, and the weight of the evidence.  *Hein v. Sullivan*, 601 F.3d 897, 912-

17  913 (9th Cir. 2010).

18          The Report and Recommendation recommends denial of claim five  - a finding that the

19  state courts' adjudication of claim five was an objectively reasonable application of clearly

20  established Supreme Court precedent.  28 U.S.C. § 2254 (d).  The Report and Recommendation

21  should be adopted.  The state courts' review of the statements by the prosecutor was not in error.

22          In his objections regarding this claim, Petitioner points to statements by the prosecutor

23  that the jury "could rely" on the testimony of employees of the bar because they had no "stake"

24

1   or "bias" in the matter and were not there "drinking, having fun, socializing" that night.  Dkt. 28.

2   He then argues that these statements were improper because the employees did have a "stake" in

3   the events of the trial.  *Id.*  He argues that "if an unsolved murder occurred at any establishment

4   it would be reasonable to assume that it would lose business, and customers would be afraid to

5   attend the establishment."  *Id.*  He argues that there was no evidence presented that the bar

6   employees weren't drinking that night.  *Id.*  He further complains of the prosecution's pointing

7   out that his witness testified that he was friend of Petitioner and fellow gang member.  *Id.*

8          Petitioner has failed in his burden to state facts that point to a real possibility of

9   constitutional error.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (1980).  As stated in the Report and

10  Recommendation, review of the entire closing argument, shows that taken in context, the

11  prosecutor was fairly arguing the evidence presented.  In closing argument, the state argued a fair

12  inference based on the evidence in the record - that the employees at the bar did not have a stake

13  in the outcome of the case.  Petitioner's attempt at pointing to a possible bias (that of customers

14  being unwilling to come to the bar if it is the location of an unsolved murder) is unsupported by

15  evidence in the record.  Further, contrary to Petitioner's assertion, there is no indication the

16  prosecutor misstated the evidence.  Petitioner fails to point to any evidence that the various bar

17  employees were drinking that night.  The judge additionally admonished the jury to disregard

18  comments that were not supported by the record.  Moreover, the comments regarding the

19  witnesses' credibility in general were invited by defense counsel, who presented a defense based,

20  in part, on the witnesses' ability to identify the shooter.  Further, defense counsel had an

21  opportunity to rebut a majority of these comments in closing argument.

22          The Report and Recommendation should be adopted and this claim for relief denied.

23  The state courts' adjudication of this claim did not result in a decision that was contrary to or

24

1   involve an unreasonable application of clearly established law or result in a decision that was

2   based on an unreasonable determination of the facts in light of the law.

3         **G.  RECOMMENDATION TO DENY GROUND SIX**

4         In his sixth ground for relief, Petitioner argues that the prosecutor committed misconduct

5   by knowingly presenting perjured testimony of an alleged eyewitness.  Petitioner's objections

6   refer to his reply, and state that "state witness Robert Jelvik gave perjured testimony on

7   witnessing the crime."  Dkt. 28, at 12.  Petitioner asserts that there is a video tape that will show

8   that Jelvik did not witness the crime, and could not have witnessed the crime from where he

9   stood inside the bar.  *Id.*

10         The issues raised in Petitioner's objections as to this claim are thoroughly addressed in

11   the Report and Recommendation, and it should be adopted as to this ground for relief.  It bears

12   repeating though, that there were multiple witnesses that testified that Petitioner was the shooter,

13   and so even if this witness's testimony was false, Petitioner has not shown it was "material" in

14   that it was duplicative of other testimony.  *Hayes v. Brown,* 399 F.3d 972, 984 (9th Cir. 2005)(*en*

15   *banc*)(holding that in order show that the state's knowing use of perjured testimony was a

16   violation of due process, the petitioner must show that the testimony was actually false, the state

17   knew it was false, and the testimony was material).  Further, the Petitioner had ample

18   opportunity during cross examination to discount this witness's testimony by addressing his

19   ability to see events outside the bar.  Petitioner's claim, that the state knowingly presented

20   Jelvik's perjured testimony and therefore violated his due process rights, should be denied.

21         **H.  RECOMMENDATION TO DENY GROUND SEVEN**

22         In his seventh ground for relief, Petitioner argues that the State violated his right to

23   appeal by withholding evidence that was necessary for the appellate court to rule on his personal

24

restraint petition.  In his objections, Petitioner states that the evidence that is the subject of this ground for relief is the transcript of the voir dire and relates to his second ground for relief:  that trial counsel was ineffective when he failed to object to a comment by the prosecutor that this was not a death penalty case.  Dkt. 28, at 14.

The Report and Recommendation recommends denying this claim for relief because the state courts' ruling, that Petitioner had equal access to and bore the primary responsibility for obtaining the evidence he felt was necessary to support his personal restraint petition, was not contrary to or involve an unreasonable application of clearly established federal law.  Dkt. 27.  In his objections, Petitioner acknowledges that he had primary responsibility to order the transcript, but states he was "mislead by the state's responce [sic] that it could not locate the death penalty comment" purportedly made before the Washington State Court of Appeals.  Dkt. 28, at 14. Petitioner makes no showing that his misunderstanding of the state's comment entitles him to habeas relief.  Further, as stated above in the analysis of the second claim, even if the prosecutor made the comment and defense counsel did not object, Petitioner makes no showing of actual prejudice stemming from the alleged error.

## I.   CONCLUSION

The Report and Recommendation (Dkt. 27) should be adopted.  Petitioner's motions for an evidentiary hearing (Dkt. 22) and to amend the Petition (Dkt. 21) should be denied. Petitioner's grounds for relief should be denied and the Petition (Dkt. 7) dismissed.  Further, Petitioner should be denied a certificate of appealability.

## <u>ORDER</u>

Accordingly, it is **ORDERED** that:

- The Report and Recommendation (Dkt. 27) **IS ADOPTED**;

1    • Petitioner's Motion to Amend (Dkt. 21) **IS DENIED**;

2    • Petitioner's Motion for an Evidentiary Hearing (Dkt. 22) **IS DENIED**;

3    • Petitioner's grounds for relief **ARE DENIED**;

4    • The case **IS DISMISSED**; and

5    • The certificate of appealability **IS DENIED**.

6         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

7    to any party appearing *pro se* at said party's last known address.

8         Dated this 6th day of December, 2011.

9

10   *Robert J Bryan*

11   ROBERT J. BRYAN
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON REPORT AND
RECOMMENDATION- 17